### MERRYMAN v. McQUILLAN.

No. 7985.   Opinion Filed April 11, 1916.

Rehearing Denied May 9, 1916.

(157 Pac. 319.)

**APPEAL AND ERROR—Dismissal—Grounds—Frivolous Proceeding.**
Where upon an examination of the record, petition in error, and the motion to dismiss it appears that the appeal is manifestly frivolous and without merit, the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Comanche County; Cham Jones, Judge.*

Action by M. McQuillan against Clyde Merryman. Judgment for plaintiff, and defendant brings error. Affirmed.

*B. M. Parmenter,* for plaintiff in error.

*P. H. Clarke* and *Chas. Mitschrich,* for defendant in error.

PER CURIAM. March 18, 1914, plaintiff sued defendant to recover the balance owing on certain past-due promissory notes signed by defendant in favor of plaintiff. Defendant answered admitting the execution of the notes sued on, but alleged the defenses of fraud in their procurement, lack of consideration, and payment. At the trial, September 7, 1915, plaintiff introduced his evidence and rested, whereupon defendant moved the court to direct a verdict in his favor, for the reason that the evidence was said to be insufficient to justify a recovery "in behalf of the plaintiff and against the defendant." Said motion was overruled, and defendant having elected to stand thereon, the court instructed the jury to return a verdict in favor of plaintiff, which was done. From the judgment rendered against him, defendant brings error.

Motion to dismiss the appeal has been filed, on the ground that it is frivolous and without merit, to which no objection or answer has been made. As above noted, defendant admitted the execution of the notes sued on, and, while setting up certain defenses thereto in his answer, offered no evidence in support thereof, nor did he attempt to dispute plaintiff's evidence at the trial, further than to object to its admission. An examination of the record, the petition in error, and the motion to dismiss convinces us that defendant had no just defense to plaintiff's cause of action and that this appeal is filed for the purpose of delay, for which reason it is dismissed. *Kirkland et al. v. Trezevant et al.,* 38 Okla. 445, 134 Pac. 1198; *Greenless et al. v. Beckett,* 49 Okla. 135, 152 Pac. 349; *Culbertson et al. v. Walton Trust Co.,* 49 Okla. 103, 152 Pac. 355; *Bilby v. Continental Gin Co., ante,* p. 316, 156 Pac. 199.